**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Mohamed Abu,<br>    Plaintiff | ) | Civil Action |
| | ) | File No. 4:25-cv- |
| v. | ) | |
| | ) | |
| Stella Link Business, LLC, and | ) | Jury Demanded |
| Aziz Ali Momin,<br>    Defendants. | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

PLAINTIFF Mohamed Abu ("Mr. Abu" or "Plaintiff") files this complaint against Defendants Stella Link Business, LLC and Aziz Ali Momin (the "Defendants"), and alleges the following:

**I.
INTRODUCTION AND SUMMARY OF SUIT**

1.      Mr. Abu brings this civil action against the Defendants pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Mr. Abu seeks unpaid straight-time and overtime wages, liquidated damages, attorney's fees, costs, and post-judgment interest.

2.      The Defendants collectively own and operate gasoline stations with convenience stores and gambling operations in Texas, including a Shell branded gasoline station operating as "Corner Drive In Grocery" located at 9954 Stella Link Road, Houston, Texas 77025 ("Corner Drive In Grocery").

3.      Mr. Abu worked as an hourly store clerk at the Corner Drive In Grocery.

4.      In willful violation of 29 U.S.C. § 207(a), the Defendants failed to pay Mr. Abu's overtime wages. Additionally, in willful violation of 29 U.S.C. § 206(a), Defendants failed to pay a significant portion of Mr. Abu's straight-time wages.

1

**II.**
**SUBJECT MATTER JURISDICTION AND VENUE**

5.    Subject matter jurisdiction exists under 28 U.S.C. §1331 because Mr. Abu's claims arise under the FLSA (specifically, 29 U.S.C. §§ 207(a), 206(a) and 216(b)).

6.    Venue is proper in the Southern District of Texas under 28 U.S.C. §1441(a).

**III.**
**PARTIES AND PERSONAL JURISDICTION**

7.    Plaintiff Mohamed Abu is a resident of Harris County, Texas.

8.    Defendant Stella Link Business, LLC is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent and the individual Defendant herein, Mr. Aziz Ali Momin, at 13002 Orchard Sky Drive, Richmond, Texas 77407. By owning and operating the Corner Drive In Grocery, Defendant Stella Link Business, LLC (along with Defendant Aziz Ali Momin) acted, directly or indirectly, in the interest of an employer with respect to its employee (i.e., the Plaintiff). This Defendant conducts business in the State of Texas and the Court therefore has personal jurisdiction over the Defendant.

9.    Defendant Aziz Ali Momin is an individual who may be served with summons and complaint at 13002 Orchard Sky Drive, Richmond, Texas 77407. This Defendant owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce or in the production of goods for interstate commerce, which includes the Corner Drive In Grocery. As an 'employer', Mr. Momin is personally liable to the Plaintiff for all damages that have resulted from Defendants' multiple and repeated willful violations of the FLSA. This Defendant conducts business in the State of Texas and the Court therefore has personal jurisdiction over the Defendant.

10.    Whenever this complaint alleges that any or all of the Defendants committed an act or omission, it is meant that such act or omission was not only committed by such Defendant(s),

2

but also by its mangers, agents and/or employees. Further, each such act or omission occurred with full authorization, ratification or approval of such Defendant(s), and/or occurred in the routine normal course and scope of employment of one or more of Defendant's mangers, agents and/or employees.

**IV.**
**FLSA COVERAGE**

11.    Mr. Abu alleges a willful violation of the FLSA.

12.    For purposes of this civil action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action (i.e., February 27, 2022) and continuing thereafter until time of final judgment.

13.    Mr. Abu's asserted claims arise within the relevant period because his employment at Corner Drive In Grocery began on August 22, 2022, and ended on January 15, 2025.

14.    During the relevant period, Defendant Stella Link Business, LLC owned the Corner Drive In Grocery.

15.    During the relevant period, Defendant Aziz Ali Momin was the sole member of Defendant Stella Link Business, LLC.

16.    During the relevant period, Defendant Aziz Ali Momin was the sole managing member of Defendant Stella Link Business, LLC.

17.    During the relevant period, Defendant Aziz Ali Momin was the sole owner of Defendant Stella Link Business, LLC.

18.    During the relevant period, Defendant Aziz Ali Momin was the sole director of Defendant Stella Link Business, LLC.

19.    During the relevant period, Defendant Aziz Ali Momin was the president of Defendant Stella Link Business, LLC.

3

20. During the relevant period, Defendant Aziz Ali Momin was the registered agent of Defendant Stella Link Business, LLC.

21. During the relevant period, Defendant Aziz Ali Momin had operational control of each business owned and operated by Defendant Stella Link Business, LLC, including the Corner Drive In Grocery.

22. During the relevant period, Defendant Aziz Ali Momin managed the operations of each business owned and operated by Defendant Stella Link Business, LLC, including the Corner Drive In Grocery.

23. During the relevant period, Defendant Aziz Ali Momin had the authority to make decisions pertaining to the operations of each business owned and operated by Defendant Defendant Stella Link Business, LLC, including the Corner Drive In Grocery.

24. During the relevant period, Defendant Aziz Ali Momin possessed the power (either directly or by delegation to a manager) to hire and fire the employees of each business owned and operated by Defendant Stella Link Business, LLC, including the Corner Drive In Grocery.

25. During the relevant period, Defendant Aziz Ali Momin supervised and controlled (either directly or by delegation to a manager) employee work schedules or conditions of employment of the employees of each business owned and operated by Defendant Stella Link Business, LLC, including the Corner Drive In Grocery.

26. During the relevant period, Defendant Aziz Ali Momin determined (either directly or by delegation to a manager) the rate and method of payment of employees' wages who worked at each business owned and operated by Defendant Stella Link Business, LLC, including the Corner Drive In Grocery.

27. During the relevant period, Defendant Aziz Ali Momin maintained (either directly or by delegation to a manager) the employment records of employees who worked at each business

4

owned and operated by Defendant Stella Link Business, LLC, including the Corner Drive In Grocery.

28.     During a part of the relevant period, Defendant Stella Link Business, LLC was Mr. Abu's employer under 29 U.S.C. § 203(d).

29.     During a part of the relevant period, Defendant Aziz Ali Momin was Mr. Abu's employer under 29 U.S.C. § 203(d).

30.     During a part of the relevant period, Mr. Abu was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Stella Link Business, LLC.

31.     During a part of the relevant period, Mr. Abu was an "employee" under 29 U.S.C. §203(e), and in particular, an employee of Defendant Aziz Ali Momin.

32.     During the relevant period, Defendants were a common enterprise and "joint employer" under 29 U.S.C. § 203(r).

33.     During the relevant period, the Defendants collectively comprised an "enterprise engaged in commerce" and/or an enterprise engaged in the "production of goods for commerce" because they had employees, including Mr. Abu, who were engaged in commerce and in the production of goods for commerce. 29 U.S.C. §§ 203(s)(1), 206, 207.

34.     For each year encompassing some or all of the relevant period, Defendants generated the annual gross business volume in excess of the statutory standard.

35.     Mr. Abu was engaged in the "production of goods" because he was employed in producing, manufacturing, mining, **handling**, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods. Thus, during that portion of the relevant period comprising his period of employment, Mr. Abu met the FLSA's individual coverage requirement because he was engaged in the 'production of goods', which entails, among other methods, the 'handling' of goods that had

5

travelled from out of state. See, *Brennan v. Greene's Propane Gas Service*, 479 F.2d 1027, 1030 (5th Cir. 1973).

36.    Further, during the relevant period, Defendants had employees in addition to Mr. Abu who were handling, selling, or otherwise working on goods or materials that had been handled, moved in, or produced for commerce, which were then used in furtherance of Defendants' commercial activities at their business establishments, including the Corner Drive In Grocery.

## V.
### FACTS

37.    The Defendants collectively own and operate gasoline stations with convenience stores and gambling operations in Texas, including the Shell branded gasoline station operating as "Corner Drive In Grocery" located at 9954 Stella Link Road, Houston, Texas 77025.

38.    Mr. Abu worked as an hourly paid store clerk at the Corner Drive In Grocery from August 22, 2022, until January 15, 2025.

39.    As a store clerk, Mr. Abu's job duties primarily included: a) operating the store's cash register in order to ring up sales; b) assisting in-state and out-of-state customers with their purchases of gasoline and other items from the convenience store; c) assisting customers with their gaming machine winnings; and, d) general upkeep of the premises.

40.    Defendants do not have any records indicating the precise amount of time Mr. Abu worked on a weekly basis during his employment at the Corner Drive In Grocery.

41.    Additionally, the Defendants do not have a complete or accurate set of pay records indicating the precise amount of weekly wages Mr. Abu received during his employment at the Corner Drive In Grocery.

42.    The Defendants required Mr. Abu to work well in excess of 40 hours a week during his employment at the Corner Drive In Grocery, and Mr. Abu was not allowed to take any lunch or other breaks; he was expected to eat while he continued to work on his shift.

43.     Although Mr. Abu was a non-exempt employee under the FLSA, he received no overtime pay despite working overtime hours each week at the Corner Drive In Grocery.

44.     In addition, the Defendants failed to pay a significant portion of Mr. Abu's straight-time wages on a weekly basis.

45.     Defendants willfully failed to pay Mr. Abu's wages, and their willful violations occurred repeatedly during each workweek falling within the period beginning August 22, 2022, and ending January 15, 2025.

46.     For all of these reasons, Mr. Abu now sues the Defendants to recover his unpaid wages and all other damages allowed under the FLSA.

## VI.
### CAUSES OF ACTION AND DAMAGES SOUGHT

Defendants' weekly willful violations of 29 U.S.C. §§ 207(a) and 206(a) –
Failure to pay straight-time and overtime wages

47.     Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

48.     Defendants' violations of 29 U.S.C. § 207(a) occurred on a repeating weekly basis, in that Defendants failed to pay Mr. Abu's weekly overtime wages during each workweek falling within the period beginning August 22, 2022, and ending January 15, 2025.

49.     The Defendants committed repeated and willful violations of the FLSA (specifically, 125 violations) because they failed to pay Mr. Abu's overtime wages during each full workweek falling within his period of employment, thereby committing multiple counts of statutory wrongdoing, repeated consistently each week.

50.     Mr. Abu was an hourly paid non-exempt employee under the FLSA.

51.     Mr. Abu was entitled to receive overtime pay for all hours he worked in excess of 40 during each workweek falling within the period of his employment beginning August 22, 2022,

and ending January 15, 2025.

52.     Likewise, although Mr. Abu had a statutory right to receive straight-time wages at his base hourly rate for all hours worked, the Defendants failed to do so for many of the hours he worked during his employment at the Corner Drive In Grocery.

53.     Despite Defendants' awareness of the overtime pay requirements imposed upon them by 29 U.S.C. § 207(a), they chose not to pay Mr. Abu's overtime wages.

54.     Similarly, despite Defendants' awareness of the straight-time pay requirements imposed upon them by 29 U.S.C. § 206(a), they failed to pay a significant portion of Mr. Abu's straight-time wages.

55.     Each Defendant's knowing, repeated and consistent failure to pay Mr. Abu's straight-time and overtime wages each week amounts to a clear and willful pattern and practice of illegal conduct the FLSA prohibits.

56.     Mr. Abu therefore seeks to recover all straight-time and overtime wages, along with an equal additional amount as liquidated damages imposed under 29 U.S.C. § 216(b).

57.     Mr. Abu further seeks (a) attorney's fees and costs pursuant to 29 U.S.C. § 216(b), and (b) post-judgment interest at the prevailing legal rate.

## VII.
### JURY DEMAND

58.     Mr. Abu demands a jury trial.

## VIII.
### PRAYER FOR RELIEF

FOR ALL OF THESE REASONS, Plaintiff Mohamed Abu respectfully requests that upon final hearing, the Honorable Court enter a Final Judgment against Defendants Stella Link Business, LLC and Aziz Ali Momin, jointly and severally, as follows:

   a.     Declare each Defendant willfully violated 29 U.S.C. § 207(a) by repeatedly and consistently failing to pay Mr. Abu's overtime

wages on a weekly basis during the period beginning August 22, 2022, and ending January 15, 2025;

b.    Order each Defendant to pay Mr. Abu's unpaid overtime wages pursuant to 29 U.S.C. § 207(a);

c.    Declare each Defendant willfully violated 29 U.S.C. § 206(a) by repeatedly and consistently failing to pay a portion of Mr. Abu's straight-time wages on a weekly basis during the period beginning August 22, 2022, and ending January 15, 2025;

d.    Order each Defendant to pay Mr. Abu's unpaid straight-time wages pursuant to 29 U.S.C. § 206(a);

e.    Order each Defendant to pay liquidated damages in an amount equaling the unpaid straight-time and overtime wages awarded by the jury to the Plaintiff;

f.    Order each Defendant to pay Mr. Abu's attorney's fees and costs pursuant to 29 U.S.C. §216(b);

g.    Order each Defendant to pay post-judgment interest at the prevailing federal statutory interest rate on all wages, liquidated damages, attorney's fees and costs awarded pursuant to the FLSA (specifically, 29 U.S.C. §§ 207(a), 206(a) and 216(b)); and,

h.    Order all other necessary relief, whether legal, equitable or injunctive, to effectuate the broad remedial purpose and directives of the FLSA as determined by the United States Congress.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By:    */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff
Mohamed Abu**

9