**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MOHAMED ABU,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO.** |
| | § | **4:25-cv-00884** |
| **STELLA LINK BUSINESS, LLC, AND** | § | **JURY DEMANDED** |
| **AZIZ ALI MOMIN,** | § | |
| *Defendants.* | § | |

## DEFENDANT STELLA LINK BUSINESS, LLC'S ORIGINAL ANSWER

**COMES NOW, DEFENDANT, STELLA LINK BUSINESS, LLC,** in the above-styled matter and files this *Original Answer* (**"Answer"**) to Plaintiff's Original Complaint. All allegations not specifically admitted by this Answer are generally denied.

### I.   Introduction and Summary of Suit

1.     Defendant responds that paragraph 1 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

2.     Defendant admits it owns and operates gasoline stations with convenience stores in Texas, including a Shell branded gasoline station operating as "Corner Drive In Grocery" located at 9954 Stella Link Road, Houston, Texas 77025 ("Corner Drive In Grocery"). Defendant denies all other allegations set forth in paragraph 2 of the Complaint.

3.     Defendant admits the allegations set forth in paragraph 3 of the Complaint.

4.     Defendant denies the allegations set forth in paragraph 4 of the Complaint.

DEFENDANT STELLA LINK BUSINESS, LLC'S ORIGINAL ANSWER

## II.     Subject Matter Jurisdiction and Venue

5.      Defendant responds that paragraph 5 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

6.      Defendant denies the allegations set forth in paragraph 6 of the Complaint.

## III.     Parties and Personal Jurisdiction

7.      Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies that process may be served at 13002 Orchard Sky Drive, Richmond, Texas 77407.  Defendant admits that Stella Link Business, LLC is a validly existing Texas limited liability company, that Mr. Aziz Ali Momin serves as its registered agent, and that it conducts business in the State of Texas. Defendant admits that Stella Link Business, LLC is an employer. The remainder of the allegations set forth in paragraph 8 of the Complaint call for a legal conclusion or presents a question of law to which no response is required.

9.      Defendant admits Mr. Aziz Ali Momin is an individual who may be served with summons and complaint at 13002 Orchard Sky Drive, Richmond, Texas 77407. Defendant admits that it owns, controls and operates an enterprise that owns, or has owned, one or more business establishments engaged in interstate commerce and conducts business in the state of Texas. Defendant admits that it owns the Corner Drive In Grocery. Defendant admits that the Court has personal jurisdiction over Defendants. Defendant admits it is an employer.  Defendant denies all other allegations contained in paragraph 9 of the Complaint.

10.     Defendant denies that an act or omission occurred or that any such act or omission occurred with full authorization, ratification, or approval of Defendants, or that any such act or omission

occurred in the routine normal course and scope of employment of one or more of Defendant's managers, agents, and/or employees. The remainder of paragraph 10 contains verbiage to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

### IV.    FLSA Coverage

11.    Defendant responds that paragraph 11 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

12.    Defendant denies the allegations set forth in paragraph 12 of the Complaint.

13.    Defendant admits that Mr. Abu's dates of employment began on August 22, 2022, and ended on January 15, 2025. Defendant denies all other allegations set forth in paragraph 14 of the Complaint.

14.    Defendant admits Stella Link Business, LLC owns the Corner Drive In Grocery. Defendant denies all other allegations set forth in paragraph 14 of the Complaint.

15.    Defendant admits Mr. Aziz Ali Momin is and has been the sole member of Stella Link Business, LLC. Defendant denies all other allegations set forth in paragraph 15 of the Complaint.

16.    Defendant admits Mr. Aziz Ali Momin is and has been the sole managing member of Stella Link Business, LLC. Defendant denies all other allegations set forth in paragraph 16 of the Complaint.

17.    Defendant admits Mr. Aziz Ali Momin is and has been the sole owner of Stella Link Business, LLC. Defendant denies all other allegations set forth in paragraph 17 of the Complaint.

18.    Defendant admits Mr. Aziz Ali Momin is and has been the sole director of Stella Link Business, LLC. Defendant denies all other allegations set forth in paragraph 18 of the Complaint.

19.    Defendant admits Mr. Aziz Ali Momin is and has been the president of Stella Link Business, LLC. Defendant denies all other allegations set forth in paragraph 19 of the Complaint.

20.    Defendant admits Mr. Aziz Ali Momin is and has been the registered agent of Stella Link Business, LLC. Defendant denies all other allegations set forth in paragraph 20 of the Complaint.

21.    Defendant admits the allegations set forth in paragraph 21 of the Complaint.

22.    Defendant admits that Mr. Aziz Ali Momin participated in the management of operations of each business owned and operated by Stella Link Business, LLC, including the Corner Drive In Grocery. Defendant denies all other allegations set forth in paragraph 22 of the Complaint.

23.    Defendant admits Mr. Aziz Ali Momin had the authority to make decisions pertaining to the operations of each business owned and operated by Stella Link Business, LLC, including the Corner Drive In Grocery. Defendant denies all other allegations set forth in paragraph 23 of the Complaint.

24.    Defendant admits the manager possesses the power to hire and fire the employees of each business owned and operated by Stella Link Business, LLC, including the Corner Drive In Grocery. Defendant denies all other allegations set forth in paragraph 24 of the Complaint.

25.    Defendant admits the manager supervised and controlled employee work schedules or conditions of employment of the employees of each business owned and operated by Stella Link Business, LLC, including the Corner Drive In Grocery. Defendant denies all other allegations set forth in paragraph 25 of the Complaint.

26.    Defendant admits that, on occasion, Mr. Aziz Ali Momin participated in approving an increase in the store's standard range of wages. Defendant denies all other allegations set forth in paragraph 26 of the Complaint.

27. Defendant admits the manager maintained the employment records of employees who worked at each business owned and operated by Stella Link Business, LLC, including the Corner Drive In Grocery. Defendant denies all other allegations set forth in paragraph 27 of the Complaint.

28. Defendant admits Stella Link Business, LLC was Mr. Abu's employer. Defendant denies all other allegations set forth in paragraph 28 of the Complaint.

29. Defendant admits Mr. Aziz Ali Momin was Mr. Abu's employer. Defendant denies all other allegations set forth in paragraph 29 of the Complaint.

30. Defendant admits Mr. Abu was an employee of Stella Link Business, LLC. Defendant denies all other allegations set forth in paragraph 30 of the Complaint.

31. Defendant admits Mr. Abu was an employee of Mr. Aziz Ali Momin. Defendant denies all other allegations set forth in paragraph 31 of the Complaint.

32. Defendant admits that Defendants were employers of Mr. Abu. Defendant denies the definition set forth in paragraph 12. The remainder of the allegations set forth in paragraph 32 of the Complaint call for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in this paragraph.

33. Defendant responds that paragraph 33 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

34. Defendant responds that paragraph 34 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

DEFENDANT STELLA LINK BUSINESS, LLC'S ORIGINAL ANSWER

35.     Defendant responds that paragraph 35 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

36.     Defendant admits there were employees in addition to Mr. Abu.  Defendant responds that paragraph 36 of the Complaint otherwise calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## V.     Facts

37.     Defendant admits Defendants own and operate gasoline stations with convenience stores in Texas, including the Shell branded gasoline station operating as "Corner Drive In Grocery" located at 9954 Stella Link Road, Houston, Texas 77025. Defendant denies all other allegations set forth in paragraph 37 of the Complaint.

38.     Defendant admits the allegations set forth in paragraph 38 of the Complaint.

39.     Defendant admits Mr. Abu's job duties included operating the store's cash register to ring up sales and that Mr. Abu assisted customers with purchases. Defendant is without knowledge or information sufficient to admit or deny if the customers were in-state or out-of-state. Defendant denies all other allegations set forth in paragraph 39 of the Complaint.

40.     Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41.     Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42.     Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43.     Defendant admits that Mr. Abu was a non-exempt employee under FLSA. Defendant denies the remaining allegations set forth in paragraph 43 of the Complaint.

44.     Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45.     Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46.     Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint.

### VI.     Cause of Action and Damages Sought

47.     Defendant reasserts each and every response contained in the foregoing paragraphs as if fully rewritten herein.

48.     Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49.     Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50.     Defendant admits the allegations set forth in paragraph 50 of the Complaint.

51.     Defendant admits the allegations set forth in paragraph 51 of the Complaint.

52.     Defendant admits Mr. Abu had the right to receive straight-time wages at his base hourly rate for all hours worked. Defendant denies all other allegations set forth in paragraph 52 of the Complaint.

53.     To the extent that the allegations set forth in paragraph 53 of the Complaint call for a legal conclusion or present a question of law, no response is required. Defendant denies the remaining allegations set forth in paragraph 53 of the Complaint.

54.     To the extent that the allegations set forth in paragraph 54 of the Complaint call for a legal conclusion or present a question of law, no response is required. Defendant denies the remaining allegations set forth in paragraph 54 of the Complaint.

55.     To the extent that the allegations set forth in paragraph 55 of the Complaint call for a legal conclusion or present a question of law, no response is required. Defendant denies the remaining allegations set forth in paragraph 55 of the Complaint.

DEFENDANT STELLA LINK BUSINESS, LLC'S ORIGINAL ANSWER

56.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint. Defendant further responds that paragraph 56 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

57.    Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint. Defendant further responds that paragraph 57 of the Complaint calls for a legal conclusion or presents a question of law to which no response is required. To the extent a response is required, Defendant denies the allegations in this paragraph.

## VII.    Jury Demand

58.    Defendant responds that paragraph 58 of the Complaint asserts a position to which no response is required.

## VIII.    Prayer for Relief

59.    Defendant responds that the Prayer of the Complaint asserts prayers for relief to which Defendant is entirely opposed.

## PRAYER

**WHEREFORE**, Defendant Stella Link Business, LLC, having answered the Original Complaint, respectfully asks that the Court enter judgment as follows:

a)  Dismissing Plaintiff's claims with prejudice;

b)  Granting to Defendant all other relief, both general and special, at law or in equity, to which it may be entitled.

DEFENDANT STELLA LINK BUSINESS, LLC'S ORIGINAL ANSWER

Dated:  March 27, 2025.                    Respectfully submitted,

                                           By:____/s/ *Elizabeth Revere*_____
                                           ELIZABETH REVERE
                                           Attorney-in-charge
                                           Texas Bar No. 00791513
                                           S.D. Texas Bar No. 18329
                                           **LLOYD & MOUSILLI, PLLC**
                                           11807 Westheimer Road
                                           Suite 550 PMB 944
                                           Houston, TX 77077
                                           Tel: (512) 609-0059
                                           Fax: (281) 783-8565
                                           *disputes@lloydmousilli.com*

                                           **ATTORNEYS FOR DEFENDANTS
                                           STELLA LINK BUSINESS, LLC AND AZIZ
                                           ALI MOMIN**

## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record, pursuant to the District's ECF service rules on **March 27, 2025,** *via electronic filing system* on the following:

        Salar Ali Ahmed
        Federal Id. No. 32323
        State Bar No. 24000342
        430 W. Bell Street
        Houston, Texas 77019
        Tel: (713) 898-0982
        aahmedlaw@gmail.com

                                           /s/ *Elizabeth Revere*_____
                                           Elizabeth Revere

DEFENDANT STELLA LINK BUSINESS, LLC'S ORIGINAL ANSWER